RECEIVED BY: Tiara Aguon
PRINT NAME
TA
SIGN
3/16/2020
DATE

FILED
SUPERIOR COURT
OF GUAM

2020 MAR 16 AM 11: 33

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO: CF0647-19 |
| | GPD Report Nos: 19-35032 / 19-11038 |
| vs. | |
| | |
| JASON JESUS CRUZ, | |
| aka JJ, | **DECISION AND ORDER RE:** |
| DOB: 03/14/1983, | **DEFENDANT'S MOTION FOR** |
| | **COMMITMENT ORDER AND** |
| | **EXONERATION OF BAIL** |
| DEFENDANT. | |

## Introduction

This matter came before the Honorable Maria T. Cenzon on February 18, 2020, for a hearing on Defendant Jason Jesus Cruz's ("Defendant") Motion to Exonerate Cash Bail and Request for Commitment Order. Attorney Zachary C. Taimanglo of the Public Defender represented Defendant at the hearing and Assistant Attorney General Alysa Draper-Dehart represented the People of Guam. The People did not object to the Motion, however, a non-opposition does not "relieve the lower court of its duty to consider the merits of the motion before it."[1] Following oral argument and considering the basis for Defendant's Motion, the Court **GRANTED** the Motion from the bench and now issues the following DECISION and ORDER memorializing its oral ruling.

## Background

Defendant is charged with Burglary (As a 2nd Degree Felony), Theft By Receiving (As a 2nd Degree Felony), Resisting Arrest (As a Misdemeanor), and Theft of Property (As a Misdemeanor). Magistrate's Compl. (Dec. 3, 2019). Magistrate Judge Jonathan R. Quan ordered

---

[1] *Quitugua v. Flores*, 2004 Guam 19 ¶27.

on December 3, 2019, that Defendant be held at the Department of Corrections ("DOC") pending trial and set bail at Three Thousand Dollars ($3,000). Commitment Order (Dec. 3, 2019). On December 19, 2019, a third party paid the Three Thousand Dollar ($3,000) cash bail amount,[2] and this Court released Defendant with conditions. Order of Conditional Release and Appearance Bond (the "OCR")(Dec. 19, 2019).

However, despite the OCR, DOC did not release Defendant because Defendant was serving a term of parole and continued to be confined on the order of the Parole Board until his parole was formally revoked. Mot. to Exonerate Cash Bail at 1 (Feb. 5, 2020). In support of his Motion, Defendant explained that despite being released in this matter on December 19, 2019, he was never physically released from the custody of DOC and that he would likely be eligible for release by the Parole Board in July 2020. *Id.* Defendant therefore asked the Court to both exonerate the cash bail paid on his behalf and further issue a commitment order backdated to December 19, 2019, essentially nullifying the previous Conditional Release Order. Mot. to Exonerate Cash Bail at 2. Defendant contends that because he continued to be incarcerated despite the Court's release order, he should be eligible for credit for time served. *Id.* The People did not oppose his Motion.

## Discussion

With respect to providing a Defendant in a criminal matter credit for time served during pre-trial detention towards his sentence, Title 9, Guam Code Annotated, Section 80.46 provides, in relevant part, as follows:

> § 80.46. Credit for Prior Detention. (a) When an offender who is sentenced to imprisonment has previously been detained in any territorial state or local correctional or other institution, for the conduct for which such sentence is imposed, <u>such period of detention shall be deducted from the maximum and minimum term of such sentence.</u> ...

9 G.C.A. § 80.46 (Emphasis added). The Guam Supreme Court has interpreted this provision as a mandate; therefore, a Defendant serving his sentence must receive the benefit of a credit

---

[2] Bill Receipt Payment (Dec. 19, 2019).

applied by calculating the days detained in the custody of the Department of Corrections (DOC) pending the adjudication of his offense. 9 GCA § 80.46 (2005); *People v. Mallo*, 2008 Guam 23 ¶ 24 (2008). "The plain meaning of this statute is that the credit for time served is obligatory." *Id.*; *see also People v. Corpuz*, 2019 Guam 1 ¶ 38 (2019). The Guam Supreme Court has also construed this statute as permitting only time served "for the conduct for which such sentence is imposed" to be deducted from the term of sentence. *People v. Manibusan*, 2016 Guam 40 (2016).

In *People v. Manibusan*, the Defendant was released from detention after posting a $5,000 cash bond in his initial case and, a few months after his release, was again arrested and detained in a second case; however, his pre-trial release in the earlier case was never revoked. 2016 Guam 40 ¶¶ 13-22 (2016). Defendant was convicted of the first offense and during the sentencing, the Defendant sought credit for the time he was held in the second offense. In determining the calculation of time to be served by the Defendant for the sentence imposed for the *first* crime, the trial court held, and the Supreme Court affirmed, that the defendant was *not* entitled to include as credit for time served any time he served in the second case because his pre-trial release in the first case was never revoked, nor had defendant asked for it to be revoked while he was detained in the second matter, so as to receive such credit. *Id.* Thus, the Guam Supreme Court held, the trial court did not abuse its discretion in *denying* a deduction for the sentence in the first crime because he was not held for the conduct for which the period of detention was imposed – the conduct was solely based upon the second offense. *Id.* at ¶ 22. It is noteworthy that none of the parties moved the court to modify bail conditions for the earlier case to allow for any credit to be accrued during the period of his physical detention. *Id.* at ¶21.

The case at bar is wholly distinguishable on its facts from the *Manibusan* case and the context in which this court applies Section 80.46 has not been addressed by the Guam Supreme Court. In the present matter, during the Magistrate's Hearing on December 3, 2019, the Magistrate Judge set bail in this case at $3,000 cash. *Min. Entry* at 3:12:43 (Dec. 3, 2019). There is nothing in the record indicating that the Defendant was on a parole hold at the time of the

magistrate hearing, or that the magistrate judge was aware that Cruz was on a parole hold at the time he set bail. *Id.* Thus, the Commitment Order issued by the magistrate judge indicates at "[upon] Posting of bail in the amount of $3,000 Cash, [i]f bail is met, the defendant shall be brought back before the court for conditions [of release]." *Commitment Order* (Dec. 3, 2019).

On December 19, 2019, when this court issued the Order of Conditional Release and Appearance Bond following Cruz's posting of the $3,000 cash bail, the court was not aware that Defendant continued to be detained on a parole hold. It is not certain if, at the time bail was posted, that *Defendant* was aware that he was also on a parole hold. It is incontrovertible that he did not have the benefit of posting the cash bail set by the magistrate judge because he continued to be physically detained at the Department of Corrections. Had the court and the parties been aware at the time of his release on December 19, 2019 that he would continue to be held, there may have been a different outcome at the bail hearing, as may be inferred by the later filing of the Motion to Exonerate Cash Bail and Request for Commitment filed on February 5, 2020. Unlike the defendant in *Manibusan*, there was nothing that the Defendant *did* to require his commitment after his "technical" release on December 19, 2019, except to remain in the custody of DOC for another post-judgment (parole) matter for which the Court (and possibly the parties) were unaware until months later.

Considering the circumstances in this case, as clearly distinguished from the ruling of the Guam Supreme Court in *Manibusan,* the court finds that the Defendant is entitled to receive the benefit of credit for time served notwithstanding the provisions of 9 G.C.A. §80.46 and, therefore, finds that it is in the interest of justice and supported by law that Defendant's Motion to Exonerate Bail be granted, that the earlier OCR be revoked and that Defendant be committed to the custody of DOC, to receive credit for any time served since his original commitment date towards any sentence which may be imposed upon him for the conduct which is the subject of this offense. The court shall issue an Order of Commitment order contemporaneously with this decision.

## Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion to Exonerate Cash Bail; Request for Commitment Order and further **ORDERS** as follows:

(1) Bail posted on December 19, 2019, is hereby **EXONERATED** and shall be returned to the party who posted said bail on Defendant's behalf;

(2) The Order of Conditional Release and Appearance Bond previously issued on December 19, 2019, is **REVOKED**, *nunc pro tunc* to December 19, 2019;

(3) In addition to any days that Defendant served at DOC while confined in this matter *prior to* the issuance of the Order of Conditional Release, Defendant shall continue to receive credit for time served in this matter towards the satisfaction of any sentence which may be imposed upon him in this case.

SO ORDERED this **MAR 16 2020**, *nunc pro tunc* to February 18, 2020.

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

AG Prosecution,
PDSC

Date: 3/16/20 Time: 12:00 pm
Antonio Cruz
Deputy Clerk, Superior Court of Guam